USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 4/6/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANFORD SACKS and SUSAN SACKS,

Plaintiffs,

– against –

MARRIOTT CORPORATION,

Defendant.

**OPINION AND ORDER**

15 Civ. 8447 (ER)

RAMOS, D.J.:

This Order addresses Marriott International's motion to vacate the certificate of default issued against Marriott Corporation on January 11, 2016. For the reasons set forth below, the motion is DENIED without prejudice.

On October 26, 2014, Plaintiff Sanford Sacks allegedly slipped and fell in the bathroom of his hotel room at the Marriott Fairfax at Fair Oaks Hotel ("Fairfax Hotel"). Compl., Doc. 1, ¶¶ 7, 10. He was subsequently admitted to a hospital and underwent several surgeries for injuries sustained from the alleged slip and fall. *Id.* at ¶¶ 12–24. On October 27, 2015 Plaintiffs filed this action against Marriott Corporation. Compl. at ¶1.

Marriott Corporation did not answer Plaintiffs' complaint, however. Mem. of Law in Support of Marriott International, Inc.'s Mot. to Vacate Default J. ("Mem. Supp. Mot. to Vacate"), Doc. 14. Rather, on November 30, 2015, after the time to answer, Marriott Corporation allegedly forwarded the complaint to Marriott International, believing that they were the intended defendant. *Id.* at 3. Marriott International did not respond to the Complaint either,

though, and on January 11, 2016, at the request of Plaintiffs, the Clerk of the Court filed a certificate of default against Marriott Corporation. Clerk's Certif. of Def., Doc. 8.

On January 25, 2016, Stagg, Terenzi, Confusione & Wabnik, LLP ("Stagg Terenzi") appeared on behalf of Marriott Corporation. *See* Not. of Appearance, Doc. 9; Not. of Appearance, Doc. 10. Marriott Corporation did not move to vacate the certificate of default, however.[1] Rather, on January 29, 2016, Stagg Terenzi filed a motion to vacate the certificate of default against Marriott Corporation, but on behalf of *Marriott International*. Mot. to Vacate Certificate of Default ("Mot. to Vacate"), Doc. 11. In its moving papers, Marriott International explains that, although they are not the named party in this action, they filed the motion to vacate "in good faith as the apparently intended defendant." Mot. to Vacate at 2 n.2. To further add to the confusion, the reply memorandum of law in support of the motion to vacate is filed on behalf of Marriott Corporation. *See* Reply Mem. in Support of Mot. to Vacate, Doc. 24.

Marriott International avers that although the Fairfax Hotel bears the "Marriott" brand, it is in fact owned by Apple Ten Hospitality Ownership, Inc. and operated by Apple Ten Hospitality Management, Inc. Mem. Supp. Mot. to Vacate at 1.[2] Marriott International further avers that Marriott Corporation has no relationship whatsoever with the Fairfax Hotel, and is a "separate and independent company" from Marriott International.[3] *Id.*

---

[1] Although Stagg Terenzi, the same law firm representing both Marriott Corporation and Marriott International, filed the motion to vacate the certificate of default, the motion was specifically brought on behalf of Marriott International. Mot. to Vacate, Doc. 11. Similarly, the motion's supporting memorandum of law was entitled "Memorandum of Law in Support of *Marriott International, Inc.'s Motion* to Vacate Default Judgment." Mem. Supp. Mot. to Vacate (emphasis added). On February 25, 2016 the Court was notified that Marriott Corporation was replacing Stagg Terenzi with another law firm, Perez, Varvaro & Cariello. Consent to Change Attorney, Doc. 20.

[2] Apple Hospitality and Marriott International entered into a franchise agreement, which provides that the "Marriott" brand may be displayed throughout Fairfax Hotel. *Id.* at 1–2.

[3] Marriott International states that Marriott Corporation was spun off from Marriott International in 1993. Mot. to Vacate at 2.

While this may be true, Marriott Corporation still has not moved to vacate the certificate of default—only Marriott International, a non-party, has.[4] Because Marriott Corporation, and not Marriott International, is the only defendant named in the complaint, Marriott International's motion to vacate the certificate of default is denied without prejudice.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 11.

It is SO ORDERED.

Dated: April 6, 2016
New York, New York

Edgardo Ramos, U.S.D.J.

[4] Marriott Corporation's only submission in this case is a reply brief in support of Marriott International's motion to vacate the certificate of default. Reply Mem. in Support of Mot. to Vacate.